IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 6876 |
| | ) | |
| v. | ) | |
| | ) | |
| AMERIPRISE FINANCIAL SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM

Plaintiff Joshua Rogers's ("Rogers" or "Plaintiff") by and through his attorneys Barney, Owens, Laughlin & Arthur, LLP, for his Answer and Affirmative Defenses to Defendant Ameriprise Financial Services, Inc.'s Counterclaim, ("Counterclaim"), hereby states the following:

## PARTIES, JURISDICTION AND VENUE

1.     Defendant/Counter-plaintiff Ameriprise Financial Services, Inc. ("Ameriprise") is a corporation organized under the laws of the State of Delaware with its principal place of business in Minnesota.

**ANSWER**:   Admitted.

2.     Plaintiff/Counter-defendant Joshua Rogers ("Rogers") is a resident of the State of Illinois.

**ANSWER**:   Admitted.

3.     This Court has supplemental jurisdiction over the Counterclaim asserted herein pursuant to 28 U.S.C. § 1367(a) because the Court has original jurisdiction over the Complaint pursuant to 28 U.S.C. § 1332. The claims asserted in the Counterclaim are related to the claims in the Complaint such that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Further, the Counterclaim is "compulsory" within the meaning of Fed. R. Civ. P. 13(a) because it arises out of the same

transaction or occurrence that is the subject matter of the Complaint, and the Counterclaim does not require for its adjudication the presence of third parties over whom the Court cannot acquire jurisdiction.

**ANSWER**:    Admitted.

4.    Venue is proper in this Court pursuant to 28 U.S.C. 1391(a) in that, among other things, Rogers is a resident of this District and a substantial part of the events or omissions giving rise to the claims asserted in the Counterclaim took place in this District.

**ANSWER**:    Admitted.

## BACKGROUND FACTS

5.    On March 2, 2007, Rogers entered into and signed a Repayment Agreement with Ameriprise. (A copy of the Repayment Agreement is attached hereto as Exhibit 1.) Under Rogers's Repayment Agreement, Ameriprise agreed to provide Rogers an advance on his 2007 Annual Incentive Award ("AIA") in a gross amount of $108,827. *(Id.* at 1.) Rogers was to receive three quarterly payments of $36,276, less applicable withholdings, on March 27, 2007, June 19, 2007 and September 25, 2007. (Id.)

**ANSWER**:    Rogers admits that he signed Exhibit 1.   Answering further, Exhibit 1

speaks for itself.  To the extent that allegations in paragraph 5 conflict with Exhibit 1, Rogers

denies the same.

6.    In consideration for his employment by Ameriprise and Ameriprise's agreement to pay Rogers an advance on his 2007 AIA, Rogers agreed in the Repayment Agreement as follows:

> ...I agree that I will repay the full amount of the advance paid to me if my employment with [Ameriprise] ends prior to payment of the 2007 Annual Incentive Award, scheduled to be paid in February 2008. When my employment ends, if I will receive no future Annual Incentive Award or Annual Leadership Bonus payouts, I agree to repay the full amount of the advance immediately.

*(Id.* at ¶3.)

**ANSWER**:    Exhibit 1 speaks for itself.  To the extent that allegations in paragraph 6

conflict with Exhibit 1, Rogers denies the same.

7.      Further, Rogers authorized Ameriprise to deduct from his paycheck any amounts owed to Ameriprise under the Repayment Agreement, *(Id,* at ¶6.) And if such deductions were insufficient to cover the total amount of the advance Ameriprise paid to Rogers, he agreed to repay such outstanding amount upon Ameriprise's written demand for payment, *(Id.)*

**ANSWER**:     Exhibit 1 speaks for itself.  To the extent that allegations in paragraph 5 conflict with Exhibit 1, Rogers denies the same.

8.      Pursuant to the terms of the Repayment Agreement, Rogers received a $36,276 quarterly advance payment, less withholdings, for a net amount of $23,544.31, on March 27, 2007.

**ANSWER**:     Admitted.

9.      Rogers's employment with Ameriprise was terminated on May 29, 2007. Under the terms of the Repayment Agreement, Ameriprise is entitled to repayment of the $23,544.31 advanced to Rogers in March 2007 because Rogers is not eligible to receive any future AIA or Leadership Bonus. *(Id.* at ¶ 3.) Upon Rogers's termination, there were insufficient amounts in his paycheck to repay the advance payment.

**ANSWER**:     Denied.

10.     On December 12, 2007, Ameriprise demanded, in writing, that Rogers repay the $23,544.31 advanced to him. (A copy of the demand letter is attached hereto as Exhibit 2.) Rogers had until December 31, 2007 to repay these funds to Ameriprise. *(Id.)* Rogers has failed to do so. As such, pursuant to the terms of the Repayment Agreement, Ameriprise is entitled to obtain the total AIA advanced to Rogers in the amount of $36,276. (Ex. 1 at ¶¶ 3, 6.)

**ANSWER**:     Rogers admits that he received Exhibit 2. Rogers admits that he refused to pay Ameriprise any amount of money pursuant to Exhibit 2.  Answering further, Exhibit 2 speaks for itself.  To the extent that allegations in paragraph 10 conflict with Exhibit 2, Rogers denies the same. Rogers otherwise denies the remaining allegations in paragraph 10.

## COUNT 1
## BREACH OF CONTRACT

11.     Ameriprise incorporates by reference and realleges paragraphs 1 through 10, inclusive, as though fully set forth herein.

**ANSWER:**    Rogers incorporates by reference his answers to paragraphs 1 through 10.

12.     Although Rogers has received a written demand for repayment, he has failed and refused to perform his contractual obligations to repay Ameriprise the funds it advanced to him under the Repayment Agreement.

**ANSWER:**    Denied.

13.     By virtue of this failure and refusal, Rogers is in breach of the Repayment Agreement.

**ANSWER:**    Denied.

14.     As a result of this breach, Ameriprise has incurred damages and has been forced to incur attorneys' fees and other expenses to prosecute this action, which fees and expenses Ameriprise is entitled to recover under the Repayment Agreement. *(Id.* at 6.)

**ANSWER:**    Rogers denies that he breached anything with respect to Ameriprise and that Ameriprise is entitled to recover any amount of money whatsoever from Rogers. Rogers otherwise lacks sufficient information to admit or deny the remainder of paragraph 14, and, therefore, demands strict proof thereof.

WHEREFORE, Ameriprise respectfully prays that this Court:

1.  Award Ameriprise actual damages in the amount of $36,276, sustained as a result of Roger's breach of his Repayment Agreement;

2.  Award Ameriprise its costs and expenses, including but not limited to attorneys' fees, in bringing and pursuing this action;

3.  Award Ameriprise pre-judgment and post-judgment interest; and

4. Award Ameriprise any other and further relief to which it is entitled.

**ANSWER:** Rogers denies each and every allegation in the above paragraph and denies that Ameriprise is entitled any recovery against Rogers

## AFFIRMATIVE DEFENSES

1. Counter-claimant ("Ameriprise") unjustifiably prevented Counter-defendant ("Rogers") from performing a condition precedent to Exhibit 1 by unlawfully terminating Rogers' employment prior to February 2008 in retaliation for Roger's refusal to violate Illinois State and federal public policy at the insistence of Roger's supervisors. As such, Ameriprise's duty to perform its obligations under Exhibit 1 is not excused.

2. Ameriprise's claims are barred by the doctrine of unclean hands.

3. Ameriprise's claims are barred by the doctrine of collateral estoppel.

4. Ameriprise's claims for damages must be offset by the damages that Ameriprise has visited upon Rogers through its Retaliatory Discharge of Rogers' employment with Ameriprise.

5. Rogers reserves the right to supplement, add and/or modify its affirmative defenses as consistent with discovery and/or other proceedings in the above-captioned case.

Dated: January 29, 2008                    Respectfully submitted,

                                           ___/s/ Troy C. Owens_____
                                           One of the Attorneys for Plaintiff
                                           JOSHUA ROGERS

Prepared by:
Troy C. Owens
Barney, Owens, Laughlin & Arthur, LLP
9 W. Crystal Lake Rd., Suite 210
Lake in the Hills, Illinois 60156

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2008, I electronically filed the foregoing **Answer and Affirmative Defenses to Defendant's Counterclaim** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Steven M. Malina
Sari M. Alamuddin
Beth Black
Morgan, Lewis & Bockius, LLP
77 W. Wacker Drive, 5th Floor
Chicago, IL  60601

By:     /s/ Troy C. Owens
       Troy C. Owens
