IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSHUA ROGERS,<br><br>    Plaintiff,<br><br>v.<br><br>AMERIPRISE FINANCIAL SERVICES, INC.,<br><br>    Defendant. | Case No. 07-CV-6876<br><br>Judge: Wayne R. Andersen |

**MEMORANDUM OF AMERIPRISE FINANCIAL SERVICES, INC.
IN SUPPORT OF MOTION TO STAY ARBITRATION**

Defendant Ameriprise Financial Services, Inc. ("Ameriprise"), by and through its attorneys, Greenberg Traurig, LLP, respectfully submits this Memorandum of Law in Support of its Motion to Stay Arbitration.

## INTRODUCTION

This action involves claims brought by Plaintiff Joshua Rogers ("Plaintiff") arising out of his termination from Ameriprise. Notwithstanding Plaintiff's election to bring this action in this Court, he has also commenced an arbitration before the Financial Industry Regulatory Authority, Inc. ("FINRA") asserting claims arising from the same termination. By seeking relief in this forum, Plaintiff has waived his right to have any dispute related to his termination adjudicated in a FINRA arbitration. For the reasons set forth below, this Court should enter an order staying Plaintiff's arbitration action.

## FACTUAL BACKGROUND

Plaintiff was hired by Ameriprise as a Financial Advisor in September 1999. In November 2003, Plaintiff was promoted to the position of Field Vice President ("FVP") in Ameriprise's Chicago-O'Hare Area Office. In connection with his promotion, Plaintiff executed a Field Vice President Agreement ("FVP Agreement") on December 24, 2003. (A

copy of the FVP Agreement is attached hereto as Exhibit A.) The FVP Agreement contains an arbitration clause which states as follows:

> Section XI—Arbitration
>
> 1. [Plaintiff] and [Ameriprise] agree to arbitrate any dispute, claim or controversy that may arise between [Plaintiff] and [Ameriprise] or a customer or any other person ("Claims"), unless otherwise agreed to in writing by the parties...

(Exhibit A, § XI.) The parties did not agree to waive the arbitration provision. On June 19, 2007, Plaintiff was terminated for violating company policy.

Notwithstanding the arbitration clause in the FVP Agreement, on October 30, 2007, Plaintiff filed a Complaint against Ameriprise in the Circuit Court of Cook County, Illinois (Case No. 07 L 012299). Ameriprise removed that action to this Court on December 6, 2007. In his Complaint, Plaintiff alleges that Ameriprise wrongfully terminated his employment in retaliation for Plaintiff's refusal to violate Illinois securities and criminal laws. Plaintiff seeks compensatory damages, punitive damages and costs. Plaintiff is actively pursuing this case and is currently participating in discovery, having recently produced over 600 pages of documents, filed Rule 26(a) disclosures, answered interrogatories and issued his own document requests and interrogatories.

Almost two months after filing this action, Plaintiff filed a Statement of Claim with FINRA.[1] (A copy of Plaintiff's Statement of Claim is attached hereto as Exhibit B.) That arbitration makes the same allegations and seeks the same relief sought as this court action. Specifically, in both this proceeding and the FINRA arbitration, Plaintiff asserts that he was wrongfully terminated by Ameriprise, "*inter alia*, in retaliation for Claimant's refusal to conform to actions of [Ameriprise] which were unlawful and therefore the termination was

---

[1] In addition to the matter pending before this Court and his FINRA arbitration, Plaintiff also filed two other actions, one with the Occupational Safety Health Administration Commission ("OSHA") in September 2007 and the other with the Illinois Department of Human Rights ("IDHR") in November 2007, both of which also assert claims arising from Plaintiff's termination from Ameriprise.

wrongful." (Exhibit B, p. 2.) In both forums, Plaintiff claims that he is entitled to damages related to lost wages, benefits, attorney fees and punitive damages. (*Id.* at p. 3.)

On January 17, 2008, Ameriprise requested that FINRA not proceed with its arbitration process because Rogers had waived his right to arbitration. (A copy of Ameriprise's request is attached hereto as Exhibit C.) Plaintiff opposed Ameriprise's request. (A copy of Plaintiff's opposition is attached hereto as Exhibit D.) On February 22, 2008, FINRA's Director of Arbitration denied Ameriprise's request and determined that Plaintiff's arbitration would proceed. (A copy of the Director's decision is attached hereto as Exhibit E.)

**ARGUMENT**

**I.    PLAINTIFF HAS WAIVED HIS RIGHT TO ARBITRATION**

Although an arbitration clause is enforceable as a binding agreement, that agreement to arbitrate can be waived. By deciding to first file this action, Plaintiff has done just that. Plaintiff is not entitled to simultaneously litigate the same claims in multiple forums. He must choose a single forum, and did so when he filed this action.

An election to proceed in court is a presumptive waiver of a contractual right to arbitrate. *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir. 1995) (both parties waived arbitration, plaintiff by filing suit in court and defendant by not compelling arbitration); *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prod. Co.*, 969 F.2d 585, 591 (7th Cir. 1992) (proceeding in court action is a waiver of right to arbitration). The "knowing selection of one forum over another and willing participation in the ensuing litigation [is] plainly inconsistent with a desire to arbitrate." *Grumhaus v. Comerica Sec., Inc.*, 223 F.3d 648, 651 (7th Cir. 2000) (plaintiffs waived right to arbitrate when they chose to file suit in court); *Wilson Sporting Goods Co. v. Penn Partners*, No. 03 C

5236, 2004 WL 2033063, at *3 (N.D. Ill. Aug. 31, 2004) (implicit waiver occurs when the party seeking arbitration has taken action inconsistent with a desire to arbitrate).

Moreover, "when the same issues are presented, a party may not escape the effect of its waiver by minimally restyling the claim and presenting it for arbitration." *Grumhaus*, 233 F.3d at 652 (plaintiffs' causes of action brought in court and arbitration arose from one single dispute stemming from one particular action). Another relevant factor that may be considered in determining whether a party has waived its right to arbitrate is whether the other party has been prejudiced. *St. Mary's*, 969 F.2d at 590. Ameriprise is clearly being prejudiced by simultaneously defending the same claims in two forums. Moreover, Ameriprise is currently fully engaged in the discovery process in the court action, having filed Rule 26(a) disclosures, issued document requests and interrogatories—to which Plaintiff has responded—is preparing responses to Plaintiff's document requests and interrogatories, and is gathering and reviewing documents to produce to Plaintiff.

Illinois state and federal courts have repeatedly barred parties from pursuing a claim in arbitration after commencing court proceedings. *Fogel v. Gordon & Glickson, P.C.*, No. 03 C 1617, 2004 WL 866412, at *2-3 (N.D. Ill. Apr. 21, 2004) (plaintiff barred from continuing arbitration claim under principles of *res judicata* because court claim that was filed first arose from same underlying event); *Glazer's Distrib. of Illinois, Inc. v. NWS-Illinois, LLC*, 376 Ill. App. Ct. 411, 425, 876 N.E.2d 203, 216 (1st Dist. 2007) (plaintiff waived right to arbitration by filing complaint in circuit court); *Grossinger North Autocorp, Inc. v. Tsend-Auysh*, No. 1-05-0733, 2005 WL 4006535, at *4 (Ill. App. Ct. 1st Dist. Nov. 18, 2005) (plaintiff barred from compelling counterclaim to arbitration because the claims raised in court complaint and counterclaim "arose from the same dispute and would require consideration of the same issues between the same parties"); *Schroeder Murchie Laya Assoc., Ltd. v. 1000 West Lofts, LLC*, 319 Ill. App. 3d 1089, 1098, 746 N.E.2d 294, 302 (1st Dist.

2001) (same); *Yates v. Doctor's Assoc., Inc.*, 193 Ill. App. 3d 431, 439-440, 549 N.E.2d 1010, 1016 (5th Dist. 1990) (defendant's participation in judicial forum by filing forcible entry actions was inconsistent with its right to compel arbitration and was an abandonment of that right).

In both the court action and the arbitration, the gravaman of Plaintiff's claim is that he was wrongfully terminated. Both proceedings involve the same parties. Both proceedings include allegations that the discharge was wrongful. Both proceedings rely upon the same facts and conduct to establish the wrongful nature of the discharge. The only distinction is that the court action asserts those facts violate law, and the arbitration asserts they violate Ameriprise's policies. That is a distinction without a difference, as both matters focus on the identical evidence and seek the same relief. Because the court action and arbitration arise from the same dispute—whether Plaintiff's termination was wrongful—and would require consideration of the same issues between the same parties, Plaintiff has waived any right he had to arbitration by choosing to bring his action in this Court. *Grossinger*, 2005 WL 4006535 at *4.

In addition, by removing this action from state court to federal court, Ameriprise consented to a judicial forum chosen by Rogers, namely, this Court. Ameriprise did not seek to compel arbitration, and accepted a judicial forum to resolve this dispute. Ameriprise will be prejudiced by having to arbitrate the same claim in two separate forums at the same time, a factor to be considered in determining waiver. *St. Mary's*, 969 F.2d at 590. Plaintiff could have elected to file his claims in court or in an arbitration. He chose to file them in court. What he did not have the right to do was file them in both. He chose the court action, and filed the arbitration as an afterthought. The arbitration should be stayed or dismissed, and this action should proceed.

## **CONCLUSION**

Based on the foregoing, Plaintiff has waived his right to arbitrate his claims of wrongful termination by first filing his action with this Court. As such, Ameriprise requests that the FINRA arbitration be stayed pending the outcome of this litigation.

April 14, 2008                                                          AMERIPRISE FINANCIAL SERVICES, INC.

                                                                        By: ____/s/ Beth A. Black____
                                                                              One of its Attorneys

                                                                        Paul T. Fox, Esq.
                                                                        Steven M. Malina, Esq.
                                                                        Beth A. Black, Esq.
                                                                        Greenberg Traurig, LLP
                                                                        77 W. Wacker Drive, Suite 2500
                                                                        Chicago, IL 60601
                                                                        Telephone: 312-456-8400
                                                                        Facsimile: 312-456-8435