IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSHUA ROGERS,<br>　　　Plaintiff,<br><br>　　v.<br><br>AMERIPRISE FINANCIAL SERVICES INC.,<br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 07 CV 6876<br>)<br>)  Judge Andersen<br>) |

## STIPULATED PROTECTIVE ORDER

WHEREAS the Parties in the above-captioned action (the "Litigation") have served Document Requests and Interrogatories, and the Parties may seek further discovery; and

WHEREAS certain of the documents and information to be produced in pretrial discovery by the Parties, or by non-parties from whom discovery is sought ("Discovery Respondent"), may be asked to disclose non-public, confidential or, proprietary information, which should remain confidential and the private property and information of a Party or a Discovery Respondent; and

WHEREAS certain of the documents and information to be produced in discovery by a Party, or any Discovery Respondent, may contain information disclosure of which is restricted by applicable state or federal law, and which a Party or a Discovery Respondent is obligated to keep confidential; and

WHEREAS the purpose of this Protective Order ("Order") is to ensure that the proprietary and confidential nature of information produced in connection with this proceeding remains intact;

NOW, THEREFORE, after due consideration of the premises, and it appearing to the Court that there is good cause for the entry of this Order, it is hereby ordered as follows:

CHI57188057V1

1. A Party or Discovery Respondent may, under the circumstances described herein, designate as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** any document, testimony, information, or material produced by that Party or Discovery Respondent in the course of this Litigation in the manner set forth in Paragraph 3 below (collectively the "Confidential Material"). Such Confidential Material shall thereafter be subject to the provisions of this Order.

2. A Party or Discovery Respondent may designate as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** any non-public information or documents that such Party or Discovery Respondent, in good faith, believes contains non-public, confidential, proprietary business, employee and/or customer information of such Party or Discovery Respondent that concerns (a) any compliance, internal fraud or risk mitigation proceeding, meeting or investigation, (b) the identities of Ameriprise customers or customers' financial, account, and investment information, or any internal investigations relating to customer complaints, and (c) personnel and compliance information relating to any current or former Ameriprise employee, other than Plaintiff. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999) (setting forth the criteria to be considered in drafting a protective order for the protection of confidential information); *see also Zahran v. Trans Union Corp.*, No. 01 C 1700, 2002 WL 31010822, at *2 (N.D. Ill. Sept. 9, 2002) (same). A Party or Discovery Respondent may supplement this list with other categories of Confidential Material that it, in good faith, deems to incorporate or embody non-public, confidential, proprietary business, employee and/or customer information which should otherwise remain confidential and the private property and information of such Party or Discovery Respondent. The designation of any such material as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** shall be subject to the terms of this Protective Order.

3. Any information or material produced by any Party or Discovery Respondent during pretrial discovery may be designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** by that Party or Discovery Respondent in the following manner:

    a. In the case of a writing, by stamping the word **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** on the face of the document;

    b. In the case of deposition testimony, or any portion thereof, by advising the court reporter and counsel of such designation; and

    c. In the case of specific responses to interrogatories or to any specific request for admission, by labeling the specific response **"CONFIDENTIAL** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY."**

4. Each of the Parties to this Litigation shall be entitled to use the materials designated **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** in accordance with Paragraph 3, subject to the remaining terms of this Order.

5. Any documents, testimony, information or other materials designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** and any documents, testimony, information or other materials which includes, summarizes, or reflects documents, testimony, information or other materials designed as **"CONFIDENTIAL,"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** shall be used by the Parties solely for purposes of this Litigation, and for no other purpose, and under no circumstances, other than those specifically provided for in this Order, shall the Parties disclose any part of such documents, testimony, information or other materials designated **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** or permit the same to be disclosed to persons other than the following:

    a. The Court and its staff in the form of oral argument, pleadings, or papers filed with the Court in this Litigation consistent with the terms and conditions of this Order;

b. The Parties in this Litigation who have entered into this Order;

c. Counsel who appear of record for any of the Parties in this Litigation, other attorneys in their respective law firms who are actively involved in the prosecution or defense of this Litigation, and employees of such counsel or their respective law firms;

d. Persons specifically retained by attorneys for one or more Parties to this Litigation to assist in the preparation of the case for trial who are not regular employees of the Parties, and only if such persons have a need to use some or all of the documents, testimony, information or other materials designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"**;

e. Court reporters and stenographers, or other persons preparing transcripts of testimony under the supervision of a court reporter or stenographer, who have been provided with a copy of this Order and have agreed to abide by its terms;

f. Former employees of Ameriprise who are deposed in this Litigation; provided that the disclosure of any documents, testimony, information or other materials designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** shall be limited to those documents, statements, information, or other materials that were created during such former employee's tenure at Ameriprise;

g. Third parties who are deposed in this Litigation; provided that the disclosure of any documents, testimony, information, or other materials designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** shall be limited to those documents, statements, information, or other materials that were created by or exchanged with such third party during their relationship with Ameriprise; and

h. Any other persons upon such terms and conditions as the Parties or the producing Party may agree or as the Court may hereafter direct by order.

6. Before disclosing documents, testimony, information and other materials designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** to any person pursuant to Paragraph 5.d, 5.e, 5.f, and 5.g hereof, counsel disclosing the Confidential Material shall:

a. Apprise that person of the confidential and proprietary nature of the documents, testimony, information or other materials designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"**;

4

    b.    Apprise that person that the Court has enjoined the use of the documents, testimony, information or other materials designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** for any purpose other than this Litigation and has enjoined the disclosure of the documents, testimony, information or other materials designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** to any other person; and

    c.    Show that person a copy of this Order and request from that person a written Declaration, in the form attached hereto as Exhibit A. The originals of each Declaration shall be maintained by counsel disclosing the Confidential Material.

7.    Any Party may challenge the designation of documents, testimony, information, or other materials as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY."** Such Party may challenge the designation of materials as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** by sending written notice to counsel for the designating Party or Discovery Respondent and counsel of record and setting forth in reasonable detail the material that such Party believes is not properly designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY."** Counsel for the Party or Discovery Respondent whose designation has been challenged shall have thirty (30) days after receipt of such notice to apply to the Court for a Protective Order. In the event counsel for the Party or Discovery Respondent whose designation has been challenged fails to apply for a Protective Order within thirty (30) days after receipt of such notice, the challenged Confidential Material shall no longer be considered **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** under the terms of this Order. In the event counsel for the Party or Discovery Respondent whose designation has been challenged does make application to the Court for a Protective Order within thirty (30) days after receipt of such notice, the Confidential Material shall continue to be treated as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** by all parties and their counsel until a ruling is obtained from the Court.

8. All papers filed or presented in this action that contain, quote or attach documents, testimony, information, or other materials designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** shall be filed or presented in compliance with Part VIII of the General Order on Electronic Case Filing, Rules 5.8 and 26.2 of the Northern District of Illinois, and any other applicable rules. Papers which contain both Confidential Material and non-Confidential Material need only have the portions containing Confidential Material filed under the rules set forth above and the portions containing Confidential Material redacted from any papers that are filed with the Court and included in the public record.

9. In the case of depositions upon oral examination of any person, including any Party pursuant to Fed.R.Civ.P 30(b)(6), a Party's employees or agents, former employees or agents, consultants or experts of any Party, the testimony of the witness shall be deemed **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** until the expiration of twenty-one (21) days after the receipt of the transcript of the deposition by counsel for Plaintiff and Defendant; provided, however, that the foregoing designation of the transcript as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** shall not preclude the use of the deposition transcript by any Party during such twenty-one (21) day period in accordance with the provisions governing Confidential Material under this Protective Order. It shall not be necessary for a Party to designate specific testimony as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** during the course of the deposition. If counsel for a Party believes that the deposition transcript, or portions thereof, constitutes Confidential Material, counsel shall designate in writing to counsel for all other Parties within that twenty-one (21) day period the specific portions constituting such Confidential Material. Only persons designated in Paragraph 5.b, 5.c, 5.d, and 5.e will be allowed to attend that portion of any deposition in which Confidential Material of a Party is used or elicited from the deponent.

Once a Party has used Confidential Material or information at the deposition of any witness, any other Party may use the same Confidential Material or information in its examination of the same witness deponent without any further action.

10. Within ninety (90) days after (1) the issuance of a final judgment and expiration of the time for appeal, (2) if an appeal is taken, a final appellate ruling and expiration of the time for rehearing or further appeal, or (3) final approval and distribution of a settlement of this action, unless otherwise agreed in writing by all Parties, each Party shall collect all documents containing Confidential Material and/or any originals or reproductions of documents designated **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** and produced in discovery, including all copies thereof, within their control or in the possession of those to whom they distributed such information or documents, and return all such documents to the producing Party or Discovery Respondent.

11. In the event that any of the documents, testimony, information or other materials designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** are used in any Court proceeding in this Litigation, including depositions, they shall not lose their confidential status through such use, and the Parties shall take all steps reasonably required to protect the confidentiality of such documents, testimony, information or other materials designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** during such use, including a reasonable opportunity for the designating party to seek relief from this Court in order to maintain the confidential nature of the materials. If this case proceeds to trial, this Court will determine which, if any, Confidential Material becomes part of the public record in this proceeding.

12. If a producing Party or Discovery Respondent realizes that it has inadvertently produced a document that it considers to be Confidential Material without marking it as such

pursuant to this Order, it may contact the receiving Party and notify it in writing of the mistake. Once the receiving Party has been notified of the mistake, the document will be treated as if designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"**, and the receiving Party shall promptly use all means reasonably available to retrieve such documents and all copies and return them to the producing Party for proper designation under this Order.

13. If a producing Party or Discovery Respondent realizes that it has inadvertently produced a document or information that it considers to be protected from disclosure to another Party in this action by the attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, or any other privilege or immunity from discovery, then it may contact the receiving Party and notify it in writing of the mistake. Once the receiving Party has been notified of the mistake, the receiving Party shall promptly use all means reasonably available to retrieve such document or information and all copies and return them to the producing Party or Discovery Respondent. The receiving Party may thereafter challenge the designation of the document or information as privileged by filing an appropriate motion with the Court within fifteen (15) days after receipt of such notice. The inadvertent production of any such privileged document or information shall not constitute a waiver of any otherwise applicable privilege, and no Party shall assert a waiver of any such otherwise applicable privilege based on an inadvertent production in the course of discovery in this action.

14. No information designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** under this Protective Order or information contained in or derived from any documents, testimony, information or other materials designed as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** shall be used by any recipient or disclosed to anyone for any purpose other than in connection with this

Litigation. No documents bearing the mark **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** or information contained in or derived from any documents, testimony, information or other materials designed as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** shall be communicated in any manner, directly or indirectly, to anyone other than Persons as set forth in this Order, unless and until the restrictions herein are modified either by agreement of counsel for all Parties and all affected Discovery Respondents, or by order of the Court. The receiving Party shall use all reasonable efforts to protect the confidentiality of and to avoid unauthorized disclosure or use of any Confidential Material or information contained in or derived from any documents, testimony, information or other materials designed as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY."** If information designated as Confidential Material by any Party or Discovery Respondent pursuant to this Order is disclosed to any person other than in the manner authorized herein, the Party responsible for this disclosure shall take all reasonable efforts to prevent further disclosure by it or by the person who was the recipient of such information.

15.  Nothing contained herein shall be construed (1) to allow the designation of material as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** where the passage of time eliminates the need for protection of the material as Confidential Material, or (2) to allow the designation of material in the public domain as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"**; or (3) to allow the designation of material as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** where changes in policies or practices or other activity eliminates the need for protection of the material as Confidential Material.

16. Nothing contained herein shall foreclose the disclosure of material not designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** even though the non-confidential material is contained within a document containing material designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** provided that the portions of the document containing information designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"** is protected from disclosure in accordance with the terms and conditions of this Order.

17. The Parties may modify the provisions of this Order at any time, by stipulation signed by the Parties and subject to the Court's approval.

18. If any Party is ordered to produce, by Court Order, proper discovery demand, or subpoena ("Discovery Demand"), duly and lawfully issued in any action other than in this action, any Confidential Material or information contained in or derived from any documents, testimony, information or other materials designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL-ATTORNEY'S EYES ONLY"**, within seven (7) days of receipt of the Discovery Demand and prior to compliance with such Discovery Demand, the Party to whom the Discovery Demand is directed shall provide the other Parties to this action with (i) written notice of the Discovery Demand requiring disclosure; (ii) a copy of the Discovery Demand; and (iii) a written description of the documents and things in its possession or control which it believes to be responsive to the Discovery Demand. In addition, the Party to whom the Discovery Demand is directed shall advise the demanding party in writing of its obligations and duties hereunder. Any other Party shall have five (5) Court days from receipt of the information set forth in subparagraphs (i) and (iii) above to object to the disclosure and to take reasonable steps to move for a protective order within the appropriate forum, precluding such disclosure. Pending determination of the motion for protective order, no documents or information previously

produced under this Order shall be disclosed. If there is no such objection within the stated five (5) day period and/or no timely motion for protective order is filed, the Party to whom the Discovery Demand was directed may disclose the responsive documents or information, but only as provided for in this Order, including execution of a Declaration in the form of Exhibit "A" hereto by the demanding party.

19. This Order has been entered to facilitate pretrial discovery and the production of information in this action. A Party's decision to enter into this Order or not to object to the designation of any document, thing, or information shall not constitute an agreement or admission that any document, thing or information: (a) will be produced; (b) is in fact confidential; or (c) is admissible, authentic, competent or relevant. Neither the designation of any information, document, or thing, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

20. Each Party and Discovery Respondent reserves all rights to injunctive relief and monetary damages with respect to any violation of this Order.

21. The terms and obligations of this Order and the agreements embodied herein shall survive the termination of this action and continue in full force and effect and this Court shall retain jurisdiction after its final disposition of this action for the purpose of enforcing this Order.

IT IS SO ORDERED this _____ day of May ___, 2008.

_____
United States District Judge

CHI57188057V1

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| JOSHUA ROGERS,<br>    Plaintiff,<br><br>v.<br><br>AMERIPRISE FINANCIAL<br>SERVICES INC.,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 07 CV 6876<br>)<br>) Judge Andersen<br>) |

### DECLARATION

By my signature, I hereby acknowledge that I have read the Protective Order ("Order") among the parties in the above-captioned action, that I understand the Order, and that I hereby agree to be bound by the terms of the Order and to submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the enforcement of the Order.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____     Signed:

                                  By: _____

                                  Printed Name: _____

CHI57188057V1