# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 6876 |
| | ) | |
| v. | ) | |
| | ) | |
| AMERIPRISE FINANCIAL SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO
### FEDERAL RULES OF CIVIL PROCEDURE RULE 26(a)(1)

Plaintiff, Joshua Rogers ("Rogers"), for his initial disclosures pursuant to Federal Rules of Civil Procedure Rule 26(a)(1) discloses the following:

1.    **Initial Disclosures**

    A.    **Witnesses Likely to Have Discoverable Information**

        Brian Heath
        Upon information and belief, Heath is no longer employed by Ameriprise. As such his address and telephone number are currently unknown. Investigation continues.

        The following individuals are employed by Ameriprise
        200 Ameriprise Financial Center
        Minneapolis, Minnesota 55474
        (800) 297-7378

        Robert Whalen
        Peter Velardi
        Kimberly Griffin
        John Sterne
        Jasmine Woodson
        Dianna Roberts
        Jennifer Estes
        James Frisone
        Michael Reardon
        Larry Post
        Erik Olson
        John VanWinkle

Adam Schoenwald
Don Karpick
Chris Tomes
Kryzstof Piekarski
Peter Lewis
Dawn Trubow
Gregg Konopaske
Chris Cagadas
Michele Conti

Mitchell Paul
Jeff Cohen
Insurance Designers of Maryland
950 Ridgebrook Road, Suite 1500
Sparks, Maryland 21152
(410) 356-4617

Timeka Hines
Commissioner
Department of Insurance, Securities and Banking
810 First Street NE, Suite 701
Washington D.C. 20002

Former Employees of Ameriprise
Rogers will provide addresses of the following witnesses as they become available

Mitre Kutanovski
Mitchell Stein
Ted Jenkins
Jason McKool
Serth Waltz
George Zeoppos
Ed Nemec
Rick Faraune
Tucker Bixby
John Ulwick
Janet Lee
Roshan Loungani
Mike O'Mara
Larry Feldmesser
Kim LaBarbiera-Pascal

Each and every witness above is likely to have discoverable knowledge regarding: (1) Ameriprise's practice of systematically employing the million dollar step-down sales technique as is referred to in Count I of the

Complaint and/or Rogers' activities of opposing, objecting, and refusing to employ the same; (2) Ameriprise's practice of falsifying effective dates of and/or forging delayed effective dates for all financial advisor terminations of employment of financial advisors for purposes of falsifying its 15(d) disclosures to the Securities Exchange Commission as is alleged in Count II of the Complaint and/or Rogers' activities of opposing, objecting, and refusing to employ the same; and/or (3) pretextual, fraudulent and/or manufactured bases that Ameriprise contrived in an attempt to legitimize its termination of Rogers' employment.

**B.    Documents**

See Pages of Plaintiff's Initial Disclosures Pursuant to FRCP 26 pg. 1 through 524 attached hereto.

**C.    Computation of Damages**

Rogers has calculated damages upon Ameriprise's illegal termination of his employment which: (a) caused Rogers to suffer lost future wages, stock options and bonuses that were rightly owed to Rogers if Ameriprise had not violated his rights; (b) caused Rogers to seek alternate employment, requiring the expenditure of significant sums of money to start up a business, which would have not been required of Rogers if Ameriprise had not violated his rights; and (c) caused Rogers to suffer a revenue differential between what he was earning at Ameriprise in wages, stock options and bonuses and his present losses and future earnings. For responsive documents, see Plaintiff's Disclosures, pp. 000597-000691.

The computation of damages pursuant to Counts I and II of the Complaint is based upon lost compensation after the date of his employment termination, being June 19, 2007. In 2006, Rogers' employment annual compensation exceeded $440,000.00. Applying said figure over the remainder of Rogers' professional life after June 19, 2007, Rogers' compensatory damages exceed $5,000,000.00. Rogers further predicates his computation of damages upon punitive damages that he is entitled to from Ameriprise based upon damages suffered by Rogers after June 19, 2007.

**D.    Insurance**

Not applicable as it pertains to Plaintiff's Initial Disclosures Pursuant to FRCP 26.

**E.    Expert Witnesses**    At this time, Plaintiff has not retained any testifying expert witnesses.

3

Dated: March 17, 2008                    By: _____

                                        Troy C. Owens, Attorney for Plaintiff

Prepared by:
Troy C. Owens
Barney, Owens, Laughlin & Arthur, LLP
9 W. Crystal Lake Rd., Suite 210
Lake in the Hills, Illinois  60156