IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JOSHUA ROGERS,** | ) | |
| **Plaintiff,** | ) | **Case No. 07-CV-6876** |
| **v.** | ) | **Judge Wayne R. Andersen** |
| **AMERIPRISE FINANCIAL SERVICES, INC.,** | ) | **Magistrate Judge Geraldine Soat Brown** |
| **Defendant.** | ) | |

**AMERIPRISE FINANCIAL SERVICES, INC.'S REPLY IN SUPPORT OF MOTION TO STAY ARBITRATION**

Defendant Ameriprise Financial Services, Inc. ("Ameriprise"), by and through its attorneys, Greenberg Traurig, LLP, respectfully submits this Reply in Support of its Motion to Stay Arbitration.

**INTRODUCTION**

What is most notable about Plaintiff's Memorandum in Opposition to Defendant's Motion to Stay Arbitration ("Response") is its failure to address the fundamental basis for that motion; Plaintiff's waiver of arbitration by invoking the jurisdiction of this Court. Plaintiff does not address his waiver, arguing only that he has the right to proceed in two forums simultaneously. At least in this context, he is wrong for a number of reasons.

First, Plaintiff filed the identical claim—that he was wrongfully terminated for refusing to engage in unlawful conduct—in both forums. Not surprisingly, Ameriprise has raised the same defense in both actions as well; Plaintiff was terminated for violating company policies. It follows that a result in this proceeding, which was the first to be filed, will be dispositive of the arbitration, and no benefit will be realized from spending time and resources on both simultaneously. The arbitration should be stayed while this Court adjudicates the rights of the parties. Nor are the remedies available in the two fora distinct.

Plaintiff seeks lost wages in both. Third, this Court has the authority to rule on the motion to stay, an issue which the arbitration panel has neither the exclusive nor even the superior authority to determine. Given that Plaintiff submitted himself to this Court's jurisdiction first, he has waived his right to arbitration.

## ARGUMENT

### I. SIMULTANEOUS PROCEEDINGS ARE UNNECESSARY AND IMPROPER

Plaintiff argues that bifurcated proceedings are appropriate here because this Court is somehow unable or unqualified to consider the issue presented in arbitration. (Response at pp. 4-8.)[1] Bifurcation might be appropriate if distinct issues were presented. Here, however, Plaintiff raises the same claim, wrongful termination, and seeks the same relief, lost wages, in both proceedings. The only possible reason for instituting these parallel, essentially identical, actions is the misguided belief it might give Plaintiff a second bite at the apple. Of course, once this case is decided, *res judicata* precludes that possibility.

Plaintiff's Response only reinforces the conclusion that the arbitration proceeding must be stayed. In both this action and the arbitration, Plaintiff alleges that he refused to comply with Ameriprise's purportedly unlawful conduct, and was fired in retaliation for such refusal. That the arbitration also claims the termination resulted in a violation of Ameriprise's internal policies is a distinction without a difference. That is only legal gloss on the identical operative facts. More importantly, it has no impact on the claim or the remedy.

---

[1] The cases Plaintiff cites do not help him. The *Dean Witter v. Byrd* case involved the issue of whether it is proper to have separate proceedings when a matter involves both arbitrable and non-arbitrable claims. 470 U.S. 213, 216 (1985). Such is not the case here. Plaintiff's entire claim could have been arbitrated, had he chosen to do so. And had Ameriprise chosen to compel arbitration, this Court would have been completely divested of jurisdiction, as Plaintiff's claim is arbitrable. This establishes that separate proceedings are not necessary or proper in this case. In *Bettis v. Oscar Mayer Foods Corp.* and *Andreu v. United Parcel Service, Inc.*, the issue was not one of separate or bifurcated proceedings, but rather whether state law claims are preempted by federal labor laws. *Bettis*, 878 F.2d 192 (7th Cir. 1989); *Andreu*, No. 07 C 6132, 2008 WL 1774990 (N.D. Ill. Apr. 17, 2008). That is not the issue in this case. Plaintiff also cites to *Pratt v. Caterpillar Tractor Co.*, 149 Ill. App. 3d 588, 500 N.E.2d 1001 (3d Dist. 1986), in support of his argument that internal employer/employee disputes do not support the public policy requirement of a retaliatory discharge claim, thus Plaintiff's claim in arbitration could not survive in court. But any purported violations of Ameriprise's policies are ancillary to the underlying reason for Plaintiff's termination. In any event, they are of no import in determining the proper forum—Plaintiff's claims can and should be in this Court.

If this Court finds that Plaintiff was properly terminated, that factual finding will fully dispose of the arbitration claim.

*Fogel v. Gordon & Glickson, P.C.*, No. 03 C 1617, 2004 WL 866412 (N.D. Ill. Apr. 21, 2004) *aff'd on other grounds* 393 F.3d 727 (7th Cir. 2004), is particularly instructive here. Fogel resigned from Gordon & Glickson and filed a federal court action alleging that the firm defrauded him out of deferred compensation. *Id.* at *2. Fogel then filed an arbitration action, seeking a portion of the same deferred compensation requested in the federal court action, in addition to the value of his ownership interest in the firm. *Id.* The firm moved to enjoin Fogel from pursuing the arbitration based on his waiver through the filing of the court action asserting the same claim. *Id.* The court did not rule on the firm's motion, but did enter judgment on the merits in favor of the firm. *Id.* When Fogel continued to pursue his arbitration claim, the firm moved for an amended judgment barring the arbitration on the basis of waiver and *res judicata*. *Id.* at *1.

The court analyzed the motion under *res judicata* principles, employing the "transaction test;" "once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost." *Id.* at *2. Applying this standard, the court stated:

> Here, though Fogel's claims allege different violations of law, rely on some different facts, and seek different relief, they are based on what is in effect the same transaction: the "firm's" failure to pay Fogel the deferred compensation he was due upon withdrawal. The firm's obligation to pay Fogel deferred compensation arose from the same event, his withdrawal from the firm.

*Id.* at *3. Accordingly, the court barred the arbitration. *Id.*; *see also Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 339 (7th Cir. 1995) (applying *res judicata* court barred plaintiff's Title VII claim having previously ruled on breach of contract claim, both of which arose from plaintiff's termination, stating "it is enough that the question why she was fired would as a practical matter be at the center of litigation of both claims." (citation omitted)).

Like Fogel, Plaintiff's loss of past and future wages arose from the same event, his termination from Ameriprise. And if Ameriprise is successful in proving its defense, as the firm was in *Fogel*, that factual finding (that Plaintiff was terminated for good cause) will preclude any possibility that Plaintiff can proceed on his wrongful termination claim in arbitration under the doctrine of *res judicata*. The arbitration should be stayed pending the outcome of this action.

## III. ALL RELIEF PLAINTIFF SEEKS IS AVAILABLE TO HIM IN COURT

Plaintiff argues that his right to seek future wages is not available in the FINRA arbitration, but cites no rule or law in support of this claim. (Response at pp. 8-9.) But the proper analysis is whether Plaintiff can seek future damages in this action—which he can—since that is where he filed first. Indeed, the case cited by Plaintiff, *Reinneck v. Taco Bell Corp.*, 297 Ill.App.3d 211, 217, 696 N.E.2d 839, 844 (5th Dist. 1998), establishes that lost future wages, lost past wages, benefits and stock options are all recoverable in a wrongful termination case. These encompass all of the damages that Plaintiff seeks to recover in the arbitration matter. (Response at Exhibit C, p. 3.) Thus, the arbitration offers no further or different remedy than those available to Plaintiff here.[2]

## IV. AMERIPRISE'S MOTION TO STAY IS PROPERLY DECIDED BY THIS COURT

Plaintiff argues that Ameriprise's motion to stay can only be decided by the arbitration panel pursuant to FINRA Rule 10324 and because Ameriprise conceded that FINRA has jurisdiction. (Response at p. 9.) Significantly, the Illinois Appellate Court has explicitly rejected Plaintiff's argument. *See Glazer's Distrib. of Illinois, Inc. v. NWS-Illinois, LLC*, 376 Ill. App. Ct. 411, 424, 876 N.E.2d 203, 214-15 (1st Dist. 2007) (circuit court has the authority to decide the issue of waiver of right to arbitration).

---

[2] Under *res judicata* principles, Plaintiff is required to present all issues that can be litigated in the first action. *Brzostowski*, 49 F.3d at 338.

Nor has Ameriprise conceded that FINRA has exclusive jurisdiction over that issue or any other relevant to this case. Ameriprise explicitly objected to Plaintiff's arbitration. (Motion at Exhibit C.) Only when the Director of Arbitration denied Ameriprise's request to decline the matter did Ameriprise file its Answer. (Id. at Exhibit D.) And in its Answer, Ameriprise again raised its objection to Plaintiff proceeding in arbitration. (Response at Exhibit F.) Thus, it can hardly be argued that Ameriprise has conceded FINRA's jurisdiction, exclusive or otherwise.

Further, interpretation of FINRA's rules are not at issue in Ameriprise's motion to stay. Consequently, FINRA Rule 10324 is of no import here. What is at issue is whether Plaintiff waived his right to pursue arbitration by first invoking the authority of this Court. And, as set forth in *Glazer's*, that issue is properly before this Court. 876 N.E.2d at 214-15.

## V. PLAINTIFF HAS WAIVED HIS RIGHT TO ARBITRATION

Plaintiff makes a half-hearted attempt to distinguish the plethora of cases cited by Ameriprise that establish that by filing a claim in court first, a party waives his right to arbitration. (Response at p. 6.) Indeed, Plaintiff recognizes that in the cases cited by Ameriprise, the issues and rights controverted in the arbitration proceedings were identical to those issues and rights litigated in the judicial proceedings. (Id.) That is precisely why those cases are instructive. Plaintiff, however, studiously ignores the fact that the issues—both factual and legal—that he presents to this Court and in arbitration are identical. The distinctions Plaintiff attempts to make between well-settled law and this case do not and cannot overcome the fact that Plaintiff waived his right to arbitration.

"When the same issues are presented, a party may not escape the effect of its waiver by minimally restyling the claim and presenting it for arbitration." *Grumhaus v. Comerica Sec., Inc.*, 223 F.3d 648, 652 (7th Cir. 2000) (plaintiffs' causes of action brought in court and

arbitration arose from one single dispute stemming from one particular action). As aptly put by the Seventh Circuit in addressing the issue of waiver:

> There is another way to look at this case. [Plaintiff] voluntarily chose to litigate. Since [defendant] also voluntarily chose to litigate it, in essence, agreed with [plaintiff] to litigate rather than arbitrate. If the federal policy embodied in the Arbitration Act is based on the enforcement of private agreements, we see no reason why the parties' agreement not to arbitrate is any less enforceable than their earlier agreement to arbitrate.

*St. Mary's Med. Ctr. v. Disco Aluminum Prod. Co.*, 969 F.2d 585, 591 (7th Cir. 1992).

Here, Plaintiff sued Ameriprise in court. Ameriprise chose to remain in court rather than compel arbitration. As in *St. Mary's*, that is the agreement that should be enforced. And Plaintiff should not be permitted to also proceed in arbitration after both parties chose court as their forum. The arbitration proceeding should be stayed.

## CONCLUSION

For the reasons set forth above, and for the reasons set forth in Ameriprise's Memorandum in Support of its Motion to Stay Arbitration, Ameriprise respectfully requests this Court grant its motion and enter an order staying the FINRA arbitration pending the outcome of this litigation.

July 10, 2008

AMERIPRISE FINANCIAL SERVICES, INC.

By: /s/ Beth A. Black
One of its Attorneys

Paul T. Fox, Esq.
Steven M. Malina, Esq.
Beth A. Black, Esq.
Greenberg Traurig, LLP
77 W. Wacker Drive, Suite 2500
Chicago, IL 60601
Telephone: 312-456-8400
Facsimile: 312-456-8435

## CERTIFICATE OF SERVICE

I, Beth A. Black, an attorney, hereby certify that on July 10, 2008, I caused the foregoing **AMERIPRISE FINANCIAL SERVICES, INC.'S REPLY IN SUPPORT OF MOTION TO STAY ARBITRATION** to be served upon the following party via ECF service:

Troy C. Owens
Barney, Owens, Laughlin & Arthur, LLP
9 W. Crystal Lake Rd.
Lake in the Hills, IL 60156

/s/ Beth A. Black
Beth A. Black