## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JOSHUA ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 07 C 6876 |
| v. | ) |
| | ) |
| AMERIPRISE FINANCIAL | ) |
| SERVICES, INC. | ) Wayne R. Andersen |
| | ) District Judge |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Ameriprise Financial Services, Inc. ("Ameriprise") moves to stay arbitration proceedings currently pending before the Financial Industries Regulatory Authority ("FINRA"). For the reasons set forth below, Defendant's Motion to Stay Arbitration is denied. Further, the proceedings before this court are stayed pending the conclusion of arbitration. If unresolved issues exist after completion of the arbitration proceedings, the court will consider a lift of the stay at that time.

## BACKGROUND

Ameriprise is a financial services firm that distributes a wide variety of financial planning products and services to the public through a national sales force. Plaintiff Joshua Rogers was hired by Ameriprise in 1999 as a financial advisor and was promoted to Field Vice President ("FVP") in 2003. Rogers alleges that he was wrongfully discharged from Ameriprise in 2007 for objecting to and refusing to follow two illegal company policies. Specifically, Rogers first alleges that he was wrongfully discharged for refusing to employ the "million dollar step-down sales technique" when selling universal variable life insurance policies ("VULs").

This technique purportedly involves fallaciously representing to prospective purchasers that it would be cheaper to purchase $1,000,000 VULs rather than purchasing the next lower steps of the same policy (*i.e.* $750,000 and $500,000 policies). Second, Rogers alleges that he was wrongfully discharged for refusing to forge delayed effective dates of financial advisor terminations of employment in the company's 15(d) disclosures that were filed with the Securities and Exchange Commission. Management allegedly directed all financial advisors to forge delayed termination of employment dates in order to make it appear as if Ameriprise had a significantly greater number of financial advisors than it actually did. According to Rogers' Complaint, he was ordered by Ameriprise senior management to follow these directives throughout 2006, and when he voiced his objections to these policies and refused to comply, he was fired.

In connection with Rogers' promotion to FVP in 2003, Rogers executed an FVP agreement on December 24, 2003. The FVP Agreement contains an arbitration clause that states,

> <u>Section XI – Arbitration</u>
> [Rogers] and [Ameriprise] agree to arbitrate any dispute, claim or controversy that may arise between [Rogers] and [Ameriprise] or a customer or any other person ("Claims"), unless otherwise agreed to by the parties...

Notwithstanding the arbitration clause in the FVP agreement, Rogers filed a two count complaint against Ameriprise in the Circuit Court of Cook County on October 30, 2007. On December 6, 2007, Ameriprise filed a Notice of Removal in this court based upon diversity jurisdiction. On December 28, 2007 Rogers filed a Statement of Claim with the Financial Industry Regulatory Authority ("FINRA"), thus commencing an arbitration proceeding. The Statement of Claim filed with FINRA also alleges that Rogers was wrongfully terminated by Ameriprise. On

January 17, 2008, Ameriprise filed a request with FINRA not to proceed with the arbitration because Rogers had waived his right to arbitration by filing a lawsuit. However, on February 22, 2008 FINRA's Director of Arbitration denied Ameriprise's request. Presently before the court is Ameriprise's motion to stay arbitration.

## DISCUSSION

Based on the briefs filed in this case, the parties appear to concede that they are both parties to the FVP agreement containing the arbitration clause and that the nature of the dispute is arbitrable. Additionally, there is no dispute about the jurisdiction of this court to hear this case. Thus, the parties are contemporaneously proceeding in two fora, both of which have jurisdiction to hear the dispute. We agree with Ameriprise that Rogers cannot pursue the same dispute in two fora and force Ameriprise to defend two separate actions regarding substantially the same claims. However, we disagree with Ameriprise that the arbitration proceeding should be stayed. Rather, we order this case to be stayed pending the resolution of the arbitration proceeding.

It is well settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on it docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936). Further, it is within the court's discretion to issue an order to stay proceedings sua sponte. *Midwest Fin. Holdings, LLC v. P & C Insur. Syst., Inc.*, No. 07-cv-3156, 2007 U.S. Dist. LEXIS 90102, *15 (C.D. Ill. Dec. 7, 2007); *Kircher v. Putnam Funds Trust*, No. 06-cv-939, 2007 U.S. Dist. LEXIS 37826, *6-7 (S. D. Ill. May 24, 2007) ("The decision to issue a stay rests with the Court's discretion, subject to the requirement that such

discretion be exercised in a manner that is consistent with equity and judicial economy."); *see also Amer. Concept v. Irsay*, No. 84-cv-10026, 1985 U.S. Dist. LEXIS 15232, *6 (N.D. Ill. Oct. 4, 1985) (citing *Landis*, 299 U.S. at 254-55) ("District Courts...have the authority to stay proceedings in the interest of saving time and effort for itself and litigants.").

Although Rogers filed this lawsuit prior to filing the Statement of Claim with FINRA, this court retained jurisdiction over this case less than a month prior to the filing of the Statement of Claim. Additionally, the fact that the lawsuit was filed prior to the arbitration proceeding is not dispositive. Rather, this court takes into account the federal policy favoring arbitration, as well as equitable considerations and considerations of judicial economy. *Moses H,. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 406 U.S. 1, 24-25 (1983). In this case, the parties do not dispute the arbitrability of the dispute, and the contract signed by both parties contains an arbitration agreement that neither side disputes. Furthermore, arbitration will likely result in a quicker resolution by arbitrators intimately familiar with the type of dispute at issue here. Thus, this court exercises its discretion and concludes that it is consistent with considerations of equity and judicial economy to stay these proceedings pending the resolution of the arbitration proceeding.

Finally, although Rogers argues that he should be able to move forward in both proceedings because the claims before this court and the claims before FINRA are entirely distinct, our review of the claims before both fora demonstrates otherwise. Rogers' Statement of Claim filed with FINRA states that "[Ameriprise] terminated [Rogers] wrongfully and did so for reasons that will become apparent through the Discovery process." This statement clearly places Rogers' wrongful discharge at issue in the arbitration proceeding, and indicates that discovery in both proceedings will focus on the reasoning behind Rogers' discharge and would be

unnecessarily duplicative. Rogers' attempt to frame this lawsuit as one involving Ameriprise's violations of law and the arbitration proceeding as one involving violations of company policy does not change the fact that both proceedings involve the same parties and the same facts and conduct surrounding the allegations of wrongful discharge. Furthermore, even if there are slight variations in the claims before this court and the claims in the arbitration proceeding, it is commonly acknowledged in this circuit that "the requirement is of parallel suits, not identical suits. A 'suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum.'" *Interstate Material Corp. v. Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988).

## CONCLUSION

For the foregoing reasons, Defendant Ameriprise's motion to stay arbitration [21] is denied. This court has discretion to stay proceedings sua sponte, and we find that it is in the interest of equity and judicial economy to exercise that discretion and order a stay here. Accordingly, this case is stayed pending the conclusion of the arbitration proceeding before FINRA. If unresolved issues exist at the conclusion of the arbitration proceeding, the court will consider a lift of the stay at that time.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: __November 4, 2008